IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTONIO SILVA, | ) |
| | ) Civil No. 03-1096-JO |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN BELLEQUE, | ) |
| | ) OPINION AND ORDER |
| Respondent. | ) |

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Youlee Yim You
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his underlying state convictions for Attempted Murder and Assault in the Second Degree based on the legality of his sentence as a "Dangerous Offender," as well as the adequacy of his representation at trial. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#28) is denied and this action is dismissed, with prejudice.

## BACKGROUND

In October 1995, petitioner shot his girlfriend, Angela Duran, several times resulting in several non-fatal gunshot wounds. Petitioner was charged with Attempted Murder, Assault in the First Degree and three counts of Menacing. Respondents' Exhibit 102. In May 1996, a jury found petitioner guilty of Attempted Murder, Assault in the First Degree, and one count of Menacing. The court entered judgments of acquittal as to the two remaining Menacing charges which did not pertain to Duran.

The sentencing court found petitioner to be a "Dangerous Offender" under Oregon law, and imposed an indeterminate sentence of 24 years with a 90-month minimum on the Attempted Murder charge. The sentencing court also imposed 70-month sentence for Assault in the Second Degree pursuant to Oregon's Ballot Measure 11, as well as a six-month sentence for the Menacing conviction. All sentences ran concurrently.

2 - OPINION AND ORDER

Petitioner filed a direct appeal challenging his mandatory minimum sentences. The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. State v. Silva, 153 Or.App. 371, 960 P.2d 395, rev. denied, 327 Or. 448, 964 P.2d 1030 (1998).

Petitioner next filed for collateral relief in Oregon's post-conviction ("PCR") courts, but the PCR trial court denied relief. Respondent's Exhibits 125-127. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court again denied review. Silva v. Palmateer, 184 Or.App. 745, 56 P.3d 963 (2002), rev. denied, 335 Or. 355, 67 P.3d 937 (2003).

Petitioner filed the current action on August 13, 2003, and filed his Amended Petition on November 4, 2004. In his Amended Petition, he raises two grounds for relief:

> Ground One: The enhanced Dangerous Offender sentence imposed on Mr. Silva violates the Sixth and Fourteenth Amendment requirements that every fact, with the exception of recidivism, which increases the available statutory maximum penalty for an offense, must be pled in the indictment and proven to the jury beyond a reasonable doubt.
>
> Ground Two: Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution as a result of counsel's failure to fully and properly advise him of the potential for dangerous offender sentencing.

Amended Petition (#28), p. 2.

///

3 - OPINION AND ORDER

**DISCUSSION**

I. **Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

**II. Analysis.**

    **A. Dangerous Offender Sentence.**

Petitioner claims that his Dangerous Offender sentence is unconstitutional because the enhancement was neither included in the indictment, nor proven to a jury beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt." Id at 490. Petitioner argues that in order to increase his sentence beyond the statutory maximum (in violation of Apprendi), the sentencing court found that he suffered from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of others. See ORS 161.725. Respondent asserts that the court need not address whether petitioner's sentence violates the terms of Apprendi because Apprendi cannot be retroactively applied.

In United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.), cert. denied, 537 U.S. 939 (2002), the Ninth Circuit determined that the rule announced in Apprendi may not be applied retroactively. Petitioner nevertheless maintains that Apprendi

    5 - OPINION AND ORDER

should be applied retroactively because he offers an argument not considered by the Ninth Circuit. Specifically, he claims that the Supreme Court, itself, has stated that it may make a new rule retroactive not in a particular case, but through a series of decisions. See Tyler v. Cain, 533 U.S. 656 (2001). Petitioner argues that Apprendi is an extension of two cases which the Supreme Court previously made retroactive, In Re Winship, 397 U.S. 358 (1970) and Mullaney v. Wilbur, 421 U.S. 684 (1975). He concludes that "*Apprendi* exemplifies the situation in which retroactivity is 'necessarily dictated' by earlier Supreme Court Decisions." Memo in Support (#29), p. 12.

Not only was the Ninth Circuit aware of the Winship-Mullaney line of cases when it decided Sanchez-Cervantes, it also addressed the argument petitioner offers in this case:

> Sanchez-Cervantes argues that *Apprendi* must be retroactive because the cases upon which it relies had previously been given retroactive effect by the Supreme Court. The reasoning in *Apprendi* stems primarily from *In re Winship*, where the Supreme Court held that a defendant cannot be convicted of a crime unless there is proof beyond a reasonable doubt of every element of the offense. The Supreme Court later held that the rule established in *Winship* must be given retroactive effect. Then, in *Mullaney v. Wilbur*, the court extended *Winship* by holding that the state was required to prove the absence of provocation in a homicide beyond a reasonable doubt. This rule was also made retroactive. Sanchez-Cervantes submits that because *Apprendi* is based on the rule of "surpassing importance" established in *Winship*, and extends that rule like *Mullaney* did, it must be retroactive too.
>
> Sanchez-Cervantes' arguments is flawed because not every extension of *Winship* is necessarily a watershed rule of

6 - OPINION AND ORDER

> criminal procedure. The rules announced in *Winship* and *Mullaney* were given retroactive effect because they were to "overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts[.]" The application of *Apprendi* only affects the enhancement of a defendant's sentence once he or she has already been convicted beyond a reasonable doubt. Therefore, it does not rise to the level of importance of *Winship* or *Mullaney*. Allowing the judge to determine the quantity of drugs for sentencing purposes does not impair the jury's ability to find the truth regarding whether the defendant possessed, distributed, or conspired to distribute some amount of drugs.

Sanchez-Cervantes, 282 F.3d at 670-71 (citations omitted).

Because the Ninth Circuit has addressed the argument petitioner presents here and clearly held that Apprendi cannot be applied retroactively, petitioner's Ground One claim must fail.[1]

### B. Ineffective Assistance of Counsel.

Petitioner next alleges that his trial attorney was constitutionally ineffective when he failed to fully and properly advise him of the potential for Dangerous Offender sentencing. The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating

---

[1] In passing, petitioner also mentions the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). To the extent petitioner asks the court to retroactively apply Blakely to his case, Blakely has also not been made retroactive. See Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004).

counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

The PCR trial court determined that petitioner was not denied his constitutional right to the assistance of counsel during his trial, and made the following factual findings with respect to petitioner's Ground Two claim:

> 2. Petitioner failed to prove that he was not aware that if he proceeded to trial and was convicted he could receive a dangerous offender sentence, as counsel went to great lengths to explain the dangerous offender statute to him. Petitioner was adamant that he wished to disregard the state's plea offer and proceed to trial.
>
> * * *
>
> 6. . . . Petitioner knew that if he went to trial he was facing the possibility of being sentenced as a dangerous offender. This was discussed between [him] and his lawyer and on the record in open court prior to proceeding to trial.

Respondent's Exhibit 126, pp. 5-7.

As previously noted, state court findings of fact are presumed correct. In order to overcome this presumption, petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In this case, petitioner claims that the PCR trial court's finding that counsel explained the dangerous offender statute to him was an unreasonable determination of the facts in light of the evidence presented during the PCR trial. Specifically, he asserts that the affidavits of his trial attorney and the prosecutor do not support the PCR trial court's factual findings.

There was ample evidence before the PCR trial court for it to conclude that counsel advised petitioner of the potential for a Dangerous Offender sentence. Counsel attested that he "did advise the defendant to accept the plea offer, he refused to do so." Respondent's Exhibit 112, p. 1. He also swore that he "spent a long time in the jury room with my client advising him as to what a dangerous offender was." Id at 2. "Again, the claim that I never talked about the dangerous offender sentences is simply untrue." Id.

The prosecutor's affidavit bolster's counsel's account:

> My recollection is that during the settlement conference the issue of dangerous offender was discussed. My memory is that it was explained, to some degree by each of us to Mr. Silva, that if this case went to trial and Mr. Silva was convicted of a required predicate offense, the State

>would likely seek a dangerous offender finding by the Court together with the sentencing requirements.

Respondent's Exhibit 115, p. 2.

While petitioner asserts that the PCR trial court's findings imbue counsel's recollection with a level of certainty which is not present in his affidavit, he has not provided clear and convincing evidence that he was unaware of the potential for Dangerous Offender sentence if he proceeded to trial. Because the affidavits of defense counsel and the prosecutor from petitioner's case support the PCR trial court's factual findings, that court did not make a factual finding which was an unreasonable determination of the facts in light of the evidence presented. Accordingly, the PCR trial court's decision that petitioner was not deprived of the assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#28) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this <u>4th</u> day of May, 2005.

                       /s/ Robert E. Jones
                            Robert E. Jones
                            United States District Judge